# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 20-01802-DOC (DFM) | Date: | March 3, 2020 |
|---|---|---|---|
| Title | Trevon Lee Davis v. James Robertson | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On February 10, 2020, Petitioner constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction for second-degree robbery and related enhancements. See Dkt. 1 ("Petition") at 2, 8. He contends that his use of a gun during the robbery should not have been used to support both a sentence enhancement for personal use of a firearm under Cal. Penal Code § 12022.5 and for the criminal street gang enhancement under § 186.22. See id. at 6. He cites People v. Rodriguez, 47 Cal. 4th 501 (2009), and People v. Le, 61 Cal. 4th 416 (2015).[1] See id. at 6.

Petitioner pleaded guilty in October 2007 and was sentenced to twenty-two years on December 3, 2008. See id. at 2. He did not appeal. See id. He filed habeas petitions with California state courts in 2018 and 2019, all of which were denied. See id. at 3-5.

---

[1] In Rodriguez, the defendant was found guilty of assault with a firearm. 47 Cal. 4th at 504. The jury also found true the sentencing enhancement allegations of personal use of a firearm under § 12022.5(a)(1) and a gang enhancement under § 186.22(b)(1)(C). Id. Petitioner was sentenced to consecutive sentences for the sentencing enhancements. Id. at 506. The California Supreme Court held that the consecutive sentences violated § 1170.1(f) ("When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense."). Id. at 508–09. In Le, the defendant was found guilty of assault with the use of a semi-automatic firearm. 61 Cal.4th at 419. He was also found guilty of sentencing enhancements under §§ 12022.5(a)(1) and 186.22(b)(1)(B). Id. The California Supreme Court affirmed the trial court's determination that imposing both enhancements would violate California Penal Code § 1170.1(f) under Rodriguez. Id. at 429.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitation period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.

California law required that Petitioner obtain a Certificate of Probable Cause to appeal within sixty days of his guilty plea. See Cal. R. Ct. 31(d); Cal. Pen. Code § 1237.5. Because Petitioner did not file a Certificate of Probable Cause or a Notice of Appeal, his conviction became final on February 1, 2009, sixty days after sentencing. Absent statutory or equitable tolling, petitioner had until February 1, 2010 to timely seek federal habeas relief. See 28 U.S.C. § 2244(d)(1). Petitioner did not file the instant Petition until February 10, 2020. In the absence of any applicable tolling, the Petition is untimely by about ten years.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

As noted above, Petitioner did not file a state-court petition for writ of habeas corpus until 2018. Petitioner is not entitled to any period of statutory tolling because he did not file his petition in state court until after the AEDPA limitations period expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Petitioner offers no explanation for his failure to file a habeas petition in a timely manner or contend that he took any action before the AEDPA limitation period expired. Ignorance of the law does not warrant equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner is thus not currently entitled to equitable tolling.

Accordingly, based upon the Petition as currently submitted, § 2244(d)(1) appears to bar this action.

**Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response no later than twenty-eight (28) days after he is served with this Order.** Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling. Plaintiff may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form. Petitioner is expressly warned that any dismissed claims may be later subject to AEDPA's statute of limitations. **Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute.** See **Fed. R. Civ. P. 41(b).**